UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MILDRED GARRETT, | } | |
| | } | |
| Plaintiff, | } | |
| VS. | } | CIVIL ACTION NO. H-07-339 |
| | } | |
| METROPOLITAN TRANSIT AUTHORITY, | } | |
| | } | |
| Defendant. | } | |

## OPINION & ORDER

Pending before the court in this employment retaliation case are Defendant Metropolitan Transit Authority's ("Metro's") motion to dismiss for insufficient service of process (Doc. 7) and its motion for a more definite statement (Doc. 16). Plaintiff Mildred Garrett ("Garrett"), initially proceeding *pro se* but now represented by counsel, has filed responses to both motions. (*See* Docs. 9 & 17 respectively).

Metro's first motion is rendered moot by Garrett filing an amended complaint and remedying the deficiencies in her service of process.[1] (*See* Pl.'s Am. Compl., Doc. 12; *see also* Return of Service, Doc. 11). The court finds good cause, however, to grant Metro's second motion for a more definite statement.

A motion for a more definite statement under Federal Rule of Civil Procedure 12(e) is the proper remedy if a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed. *Sisk v. Tex. Parks*

---

[1] The court notes that Metro's reliance on Texas law for evaluating service of process is misplaced. Even if state substantive law applied to this case, the adequacy of service of process in federal court is governed by federal procedure. *See Hanna v. Plumer*, 380 U.S. 460, 463-64 (1965) ("We conclude that the adoption of Rule 4 (d)(1), designed to control service of process in diversity actions, neither exceeded the congressional mandate embodied in the Rules Enabling Act nor transgressed constitutional bounds, and that the Rule is therefore the standard against which the District Court should have measured the adequacy of the service."); *see also Gasperini v. Ctr. for Humanities*, 518 U.S. 415, 427 (1996) ("Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law.").

*and Wildlife Dept.*, 644 F.2d 1056, 1058 (5th Cir. 1981).  Under Rule 12(e), "[t]he motion shall point out the defects complained of and the details desired."  Fed. R. Civ. P. 12(e).

Garrett's amended complaint is comprised entirely of three assertions: (1) that Metro retaliated against her for filing a sexual harassment claim in April 2005; (2) that "under state law" Metro discriminated against her "due to disability"; and (3) that "under state law" Metro "terminated [her] as retaliation for filing a worker's compensation claim."  (Pl.'s Am. Compl., Doc. 12).  Metro claims that these assertions, standing alone, are too ambiguous to form a responsive pleading because Plaintiff fails to provide dates regarding her disability discrimination and worker's compensation claim, identify the acts(s) or omissions(s) in her disability discrimination and retaliation claims, or identify any individuals responsible.  (Def.'s Mot. Def. Stmt. 2, Doc. 16).  The court finds that Garrett's complaint is too vague and ambiguous to form a responsive pleading and shall grant Metro's request.[2]

Accordingly, it is hereby

**ORDERED** that Defendant's motion to dismiss (Doc. 7) is DENIED as MOOT.

**ORDERED** that Defendant's motion for a more definite statement (Doc. 16) is GRANTED.  Plaintiff shall amend her complaint **within 10 days** from the date of this order to include: (1) dates regarding her disability discrimination and worker's

---

[2] Metro also claims that Garrett should be required "to attach the Charge of Discrimination along with the Right-to-Sue Letter from either the Equal Employment Opportunity Commission or . . . the Texas Workforce Commission."  Garret subsequently submitted a "Declaration Under Penalty of Perjury" (Doc. 18) stating that "[t]his case was filed within two days after the right to sue letter was received from the [Equal Employment Opportunity Commission]."  The court shall therefore deny Metro's request that Garrett be required to attach these documents separately.

3 / 3

compensation claim, (2) the act(s) or omissions(s) in her disability discrimination and retaliation claims, and (3) any individuals responsible for such act(s) or omission(s).

SIGNED at Houston, Texas, this 12th day of December, 2007.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE